[Civ. No. 4278. Fourth Dist. July 9, 1952.]

DOYLE CROFT, Respondent, v. J. W. INGLE et al., Appellants.

George R. Baird, Ruel Liggett, Roy M. Cleator and E. C. Davis for Appellants.

C. Guy Selleck, Jr., and Fitzgerald & Selleck for Respondent.

BARNARD, P. J.—This is an action to recover the payments made under a rescinded contract.

The defendants, with one Frymeir and one Castillo had previously purchased certain land in Mexico. Title was taken in the name of Castillo, in order to comply with Mexican law, with an oral agreement that he would hold such title in trust, one third for himself, one third for Frymeir, and one third for Ingle and Tadlock, and that a better method would be adopted when one could be found. They then

started to form a trust with a Mexican bank as trustee, and the members of the group as beneficiaries.

On July 19, 1949, the defendants and the plaintiff signed two contracts, which in effect constitute one agreement, by the terms of which the defendants agreed "to sell their ⅓ interest" in this land to the plaintiff for $7,000; the plaintiff agreed to assume one third of certain debts; and the defendants agreed "to draw up the necessary papers to be filed with the proper authorities, in Mexico City, Mex., showing" that the plaintiff "has bought the ⅓ interest" in this land, and "to follow through and complete the transfer of title of land" from the names of the defendants to that of the plaintiff. The plaintiff paid $7,000 and signed the notes representing the indebtedness he agreed to assume.

The plaintiff and his family moved on the land but Ingle and Frymeir continued to manage the farming operations, keeping the books and handling the proceeds of the crops. They took in $27,000 from a crop of tomatoes, claiming that their expenses were much greater, but the plaintiff never knew what the costs actually were. The plaintiff kept asking for some evidence of title showing that he had an interest in the land, but nothing was furnished. On March 27, 1950, the plaintiff served on the defendants written notice that he had rescinded the contracts of July 19, 1949, demanding a return of the $7,000, and offering to restore everything he had received. The defendants having refused to return the money or cancel the indebtedness assumed, this action was brought on April 13, 1950.

The complaint alleged, among other things, the making of the agreements on July 19, 1949; that title to the land then stood in the name of Castillo; that the defendants then had no title whatsoever to the land and have not since acquired any title; that while the plaintiff knew that he could not hold title to the land, not being a Mexican citizen, the defendants informed him that the title could be put in his name "on the deed, but that the deed would have to be held for him" by the bank of Mexico; and that when the agreement was executed the defendants told him that title could be thus placed in his name within a week. The prayer was for a return of the $7,000 with interest, for a cancellation of one of the notes which the defendants held, and that the defendants be required to assume the other obligations for which the plaintiff had signed notes. The answer admitted that the defendants had entered into an agreement

on July 19, 1949, covering the sale of their interest in this land to the plaintiff, and that they had agreed "to prepare and complete all necessary legal papers for such transfer." It was alleged, among other things, that this land was acquired in fee by Castillo under an oral trust for the benefit of himself, Frymeir and the defendants; that when the agreement for the transfer of defendants' interest to the plaintiff was entered into the land was "in the process of being transferred in trust for the benefit of" Castillo, Frymeir and the defendants; that this trust has since been completed; that the plaintiff was informed that what he was to receive under the agreement was a transfer of the defendants' interest as beneficiaries in that trust after it was completed; that after this trust was perfected the defendants were in a position "to convey to plaintiff their interest as beneficiaries" under that trust; and that defendants are now able and willing to complete their agreement with the plaintiff.

The court found, so far as material here, that the defendants entered into the written contracts on July 19, 1949, whereby they agreed to sell their one-third interest in this land to the plaintiff, and agreed to prepare and complete all necessary papers for the transfer of said interest; that plaintiff paid the $7,000 and assumed the agreed indebtedness by signing certain notes; that the defendants have failed and neglected to assign and transfer their one-third interest in this land to the plaintiff, as provided in the written contracts, and have refused and neglected to prepare and complete the necessary legal papers for the transfer of their one-third interest in the land; that plaintiff has demanded a conveyance of this one-third interest on numerous occasions; that the defendants could have assigned and transferred their one-third interest to the plaintiff between August 1, 1949, and March 27, 1950, but have failed to do so; that on March 27, 1950, the plaintiff in writing rescinded the contracts of July 19, 1949, demanding the return of the $7,000, and offered to restore, and did restore, all things of value received thereunder; that plaintiff is entitled to the return of the $7,000 and a cancellation of his obligation on the notes he signed; and that, since these findings are determinative as to plaintiff's right to rescind the contracts, it is unnecessary to make any findings on the other issues

raised. Judgment was entered accordingly, and the defendants have appealed.

The appellants contend that the pleadings do not support the findings or the judgment; that the evidence does not support the findings or judgment; that the respondent is barred by his own default since he did not pay one of the notes he signed which became due on December 31, 1949; and that the court erred in denying a new trial since the court was then informed of the errors and deficiencies in the complaint and the findings.

The main and controlling question presented is as to whether the evidence supports the findings to the effect that the plaintiff rightfully rescinded the contracts of July 19, 1949. It appears, without conflict, that when the agreements were entered into title to the land stood in the name of Castillo, that the appellants had furnished part of the money to buy the land, and that they had an oral agreement with Castillo that he was holding title for them insofar as a one-third interest is concerned. It also appears that the appellants, with Frymeir and Castillo, were working on a scheme under which title to the land was to be conveyed to a Mexican bank under a trust agreement wherein the beneficiaries would be Frymeir, Castillo and the appellants, the appellants having a one-third interest. The evidence is conflicting as to whether or not the respondent knew about that trust, its terms, or what was being done in connection with its formation. It does appear without conflict that this trust was not completed until June, 1950, three months after the rescission occurred. It further appears from this trust agreement, as finally completed, that Castillo was the trustor, the bank was the trustee, and Frymeir, Ingle and Tadlock were the beneficiaries; that the stated object of the trust was to guarantee that the money advanced by the beneficiaries would be repaid by Castillo; and that Castillo could end the trust and get the land back at any time by paying the amounts thus advanced by Frymeir and these appellants. No trust was ever formed in favor of the respondent, he was not mentioned in the trust agreement finally made, and no document of any nature was ever given to him conveying the appellants' interest in this land, whatever that interest was. The respondent testified that when the agreements were made the appellants told him that he would receive within a week a copy of a deed, although the original deed would have to be held for him in a Mexican bank.

The appellants testified that a different arrangement was made, including several oral agreements which are contrary to the provisions of the written contract. The trial court resolved these conflicts in favor of the respondent, and the evidence supports the findings and the judgment. The trust upon which the appellants rely was not a sufficient compliance with their written agreement, it made no mention of the respondent, and it was not completed until long after the rescission took place. While the appellants were not able to convey a full legal title to the respondent, they could have conveyed to him such interest in the land as they had. Instead of doing so, or making any effort to do so, they proceeded to form a trust which made it impossible for them to make such a conveyance since their interest had been pledged as security for the payment of other moneys with which he was not concerned.

There is no merit in the contention that the respondent was barred by his own default since he had not paid one of the notes he signed, which became due in December, 1949. As was pointed out by the trial court, in denying a motion for nonsuit, his responsibility on this note was contingent upon his receiving some conveyance of the interest he was agreeing to purchase.

It is unnecessary to consider other points raised by the appellants. They are either without merit in themselves, or are controlled by the essential findings as supported by the evidence.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.